# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ALLEN, *et al.*, <br>     Plaintiffs, <br> v. <br> REPUBLIC SILVER STATE DISPOSAL INC., <br>     Defendant. | 2:10-CV-00827-JCM-LRL <br><br> **ORDER** |

Presently before the court is defendant Republic Silver State Disposal, Inc.'s motion to dismiss all claims brought on behalf of plaintiff Floyd Hunt pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #39). Mr. Hunt did not oppose the motion, and defendant filed a notice of non-opposition on April 18, 2011. (Doc. #45). Magistrate Judge Leavitt stayed the case on January 5, 2011. (Doc. #26). The court hereby lifts Magistrate Judge Leavitt's stay on this case.

Pursuant to Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the court will not automatically grant every unopposed motion. In *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995), the Ninth Circuit held that the court had to weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.

In the instant case, defendant asserts that Mr. Hunt's claims should be dismissed because he failed to bring them within the statute of limitations. (Doc. #39). Citing 42 U.S.C. § 2000e-5(e)(1) and N.R.S. 613.430, defendant argues that Mr. Hunt was required to institute his claims within 300 days of the allegedly unlawful employment practice. (Doc. #39).

1     Mr. Hunt voluntarily resigned from his job with defendant on October 14, 2008. (Doc.
2 #39). He faxed the Equal Employment Opportunity Commission an intake questionnaire form on
3 August 14, 2009, 304 days after he resigned. (Doc. #39). Similarly, he did not file a formal
4 complaint with the Equal Employment Opportunity Commission until September 22, 2009, 343
5 days after he resigned. (Doc. #39).

6     According to defendant, "no matter what method of calculation is used . . . Hunt's claims of
7 racial discrimination are untimely and must be dismissed." (Doc. #39). Pursuant to Nevada Local
8 Rule 7-2(d), the court construes plaintiff's failure to respond as "consent to the granting of the
9 motion."

10     Further, while not a dispostive factor in the court's decision, the court notes that plaintiff
11 Hunt agreed to dismiss his claims during an early neutral evaluation conference held on November
12 22, 2010. (*See* Doc. #23). Shortly thereafter, defendant filed the instant motion to dismiss Mr.
13 Hunt's claims. (Doc. #39). The court further finds that the *Ghazali* factors weigh in favor of
14 dismissing plaintiff Hunt's claims. *See Ghazali*, 46 F.3d at 53.

15     Accordingly,

16     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Republic
17 Silver State Disposal, Inc.'s motion to dismiss all claims brought on behalf of Floyd Hunt (doc.
18 #39) be, and the same hereby is, GRANTED.

19

20 DATED: August 30, 2011.

                                                                   UNITED STATES DISTRICT JUDGE