# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROBERT ALLEN, et al.,

    Plaintiff,

v.

REPUBLIC SILVER STATE DISPOSAL, INC., et al.,

    Defendants.

2:10-cv-00827-JCM -LRL

**O R D E R**

    Before the court is defendant Republic Silver State Disposal, Inc.'s Motion To Compel (#47). Plaintiff Robert Allen failed to file an Opposition, and defendant filed a Reply (#51).

    In the present motion (#47), defendant asks this court to compel plaintiff Allen to respond to its written discovery requests and to require him to pay defendant's reasonable attorney's fees and costs incurred in connection with the preparation of the motion. Three weeks after the motion was filed, however, defendant received responses to its discovery requests, thus mooting the motion. (#51). Defendant concedes that its motion to compel is now moot, but nonetheless requests that this court award it reasonable attorney's fees in the amount of $820.00. (#51). Defendant submitted an affidavit of counsel asserting that the amount is "based upon the circumstances and amount of work performed." (#51 Exhibit 1).

    Pursuant to Fed. R. Civ. P. 37(a)(5)(A), "if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party...whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court must *not* order this payment "if other circumstances make an award of expenses unjust." Rule 37(a)(5)(A)(iii).

Plaintiff Allen has been appearing *pro se* since February after his attorney withdrew. (#30). The defendant served plaintiff with requests for production of documents and interrogatories shortly thereafter on March 24, 2011. (#47). Despite his initial failure to respond to the requests, plaintiff Allen *did* produce the requested documents and the answers to the interrogatories after defendant filed its motion to compel. (#51). As *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel, the court finds that it would be "unjust" to award attorney's fees at this time. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972); Fed. R. Civ. P. 37(a)(5)(A)(iii). Plaintiff is on notice, however, that he is not excused from complying with the rules of the court, and that further failures to follow the rules and to participate in discovery will result in the imposition of monetary sanctions in the future. See *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Republic Silver State Disposal, Inc.'s Motion To Compel (#47) is denied as moot.

IT IS FURTHER ORDERED that defendant's requests for attorney's fees is denied.

DATED this 29th day of September, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**