# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT ALLEN, et al.,

    Plaintiffs,

v.

REPUBLIC SILVER STATE DISPOSAL, INC., et al.,

    Defendants.

2:10-CV-827 JCM (VCF)

**ORDER**

Presently before the court is defendant Republic Silver State Disposal, Inc.'s motion for summary judgment. (Doc. #54). *Pro se* plaintiffs Ty-Yivri Glover, Gary Gates, Reginald Russell, Robert Allen, and Theron Jones filed individual oppositions to the motion. (Docs. #61, #62, #63, #71, and #77). After filing his opposition, Jones filed two motions to extend time to supplement his opposition. (Docs. #80 and #85). The court denied both of these motions, finding that an extension would prejudice Republic Silver State Disposal, Inc. and that Jones had not demonstrated compelling circumstances. (Docs. #82 and #86). Defendant then filed a consolidated reply to the *pro se* plaintiffs' individual oppositions. (Doc. #84).

All of the plaintiffs in this case were either drivers or supervisors of drivers who operated commercial vehicles for defendant. Plaintiffs were required to have valid State of Nevada commercial drivers licenses. NRS 483.900 *et seq.* As a prerequisite to obtaining a commercial drivers licence, plaintiffs had to be examined by a licensed medical examiner every two years. 49 C.F.R. §§ 391.43 and 391.45. Finally, plaintiffs were prohibited from operating commercial motor

**James C. Mahan**
**U.S. District Judge**

1  vehicles unless they carried a current medical certification card.  49 C.F.R. § 391.41(a)(1)(I).

2  In September 2008, defendant discovered that Donald Marks, an ex-employee who is not a
3  party to this action, was driving commercial vehicles for defendant with an expired medical
4  certification card.  Defendant asked Marks to present a valid medical certification card.  After Marks
5  presented defendant with two suspicious medical certification cards allegedly signed by Dr. Ivan
6  Goldsmith, defendant began a review of its driver qualification files and pulled every medical
7  certification card supposedly issued by Dr. Goldsmith.  (Doc. #54, Exs. 1 and 3).

8  Defendant ultimately identified twenty-one drivers who had presented medical certification
9  cards allegedly issued by Dr. Goldsmith.  (Doc. #54, Exs. 1 and 3).  Dr. Goldsmith reports that he
10 did not sign these medical certification cards.  (Doc. #54, Exs. 1 and 3).  All twenty-one of the
11 drivers either resigned or were terminated by defendant; all of these drivers were also African
12 American.  Four of the remaining five plaintiffs had presented cards allegedly signed by Dr.
13 Goldsmith.  (Doc. #54, Ex. 1).

14 Defendant also identified six other drivers with possibly fraudulent medical certification
15 cards signed by other doctors.  (Doc. #54, Exs. 1 and 3).  Defendant verified four of these medical
16 certification cards.  (Doc. #54, Exs. 1 and 3).  However, defendant determined that the two cards
17 allegedly signed by Dr. Yeh were not valid.  Defendant terminated the two drivers with medical
18 certification cards signed by Dr. Yeh; Glover was one of these two terminated drivers.  (Doc. #54,
19 Exs. 1 and 3).

20 All of the plaintiffs received either notices of termination or personnel action forms, stating
21 that they were being terminated for "providing false or misleading information on documents or
22 records used by or relied upon by the company."  (Doc. #54, Exs. 1, 3, and 15).

23 Plaintiffs then brought the instant race discrimination case, alleging federal and state causes
24 of action.  (Doc. #1).  Plaintiffs originally were represented by the law firm Callister & Associates;
25 however, on January 5, 2011, this firm withdrew from the case.  (Doc. #26).  The remaining
26 plaintiffs indicated that they wanted to proceed *pro se* and have been prosecuting the case on their
27 own behalf.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   Defendant's motion for summary judgment argues that plaintiffs cannot establish a prima facie case of race discrimination because: (1) they were not qualified for their positions, and (2) they were not treated differently than other similarly situated employees. (Doc. #54). Further, even if plaintiffs could establish a prima facie case, they cannot prove that defendant's stated reason for firing plaintiffs was simply pretext. (Doc. #54).

As stated above, the remaining plaintiffs each filed their own *pro se* opposition to defendant's motion for summary judgment. (Docs. #61, #62, #63, #71, and #77). Glover filed a one-page unsworn statement and attached various unauthenticated documents to support his claim. (Doc. #61). In his opposition, Jones argues that defendant has not proven that his medical certification card was fraudulent, and Jones supports this assertion by attaching various unauthenticated documents to the opposition. (Doc. #77). Finally, the oppositions filed by Gates, Allen, and Russell all follow a similar template. First, they assert that the affidavits offered by defendant are "false and fabricated" or "a bundle of lies." Second, these defendants state that they had valid medical certification cards at the time of termination. Finally, these defendants assert that they were fired as a result of discrimination. (Docs. #62, #63, and #71).

### **Legal Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©; *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002)

James C. Mahan
U.S. District Judge

- 3 -

Case 2:10-cv-00827-JCM -VCF   Document 88   Filed 02/10/12   Page 4 of 8

(expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56©.

### Prima facie case of racial discrimination

In a Title VII case, plaintiffs carry the initial burden of "establishing a prima facie case of racial discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "The prima facie case may be based either on a presumption arising from the factors such as those set forth in *McDonnell Douglas*, or by more direct evidence of discriminatory intent." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)). Plaintiffs may establish a prima facie case of racial discrimination by demonstrating: (1) that they belong to a protected class, (2) that they were qualified for the position, (3) that they suffered an adverse employment action, and (4) that other employees with similar qualifications were treated more favorably. *See id.*; *McDonnell Douglas Corp.*, 411 U.S. at 1220.

Plaintiffs have offered no direct evidence of discriminatory animus. *See Cordova v. State Farm Ins. Companies*, 124 F.3d 1145, 1149 (9th Cir. 1997). Accordingly, the court analyzes plaintiffs' claims to see if they have established a prima facie case of racial discrimination through the *McDonnell Douglas* factors. *See McDonnell Douglas Corp.*, 411 U.S. at 1220.[1]

### A.   Qualified for the position

One of the *McDonnell Douglas* factors the court analyzes to determine if plaintiffs have established a prima facie case of racial discrimination is whether the plaintiffs were qualified for the position. *McDonnell Douglas Corp.*, 411 U.S. at 1220. In this case, Jones and Glover have not established a prima facie case of racial discrimination because they have not demonstrated that they

---

[1] The legal analysis of plaintiffs' state law NRS 613.310 claims is "almost identical" to the analysis under Title VII. *Hirschorn v. Sizzler Restaurants Intern., Inc.*, 913 F. Supp. 1393, 1398 (D. Nev. 1995).

James C. Mahan
U.S. District Judge

- 4 -

1  were qualified for the position at the time of termination. *See Fragante v. City and County of*
2  *Honolulu*, 888 F.2d 591, 595 (9th Cir. 1989) (stating that plaintiff "must show" that he was qualified
3  for a position).

4  To be qualified to operate a commercial motor vehicle, an individual must maintain a valid
5  commercial drivers license. 49 C.F.R. § 391.11; NRS 483.924. Further, a commercial motor vehicle
6  driver must undergo a medical examination every 24 months. 49 C.F.R. § 391.45. Finally, pursuant
7  to 49 C.F.R. § 391.41(a)(1)(I), a commercial motor vehicle operator must carry a current medical
8  examiner's certificate that he or she is physically qualified to drive a commercial motor vehicle.

9  In the motion for summary judgment, defendant established through affidavits and admissible
10 evidence that each of the plaintiffs had presented an invalid medical certification card prior to being
11 terminated. (Doc. #54, Exs. 1, 3, 13, and 23).

12         **1.    Ty-Yivri Glover**

13 Glover's opposition consists of an unsworn letter and several unauthenticated exhibits. (Doc.
14 #61). Even if this evidence were admissible to defeat the summary judgment motion, Glover's
15 opposition does not establish or even allege that he held a valid medical certification card at the time
16 of his termination. Accordingly, Glover has not demonstrated "specific facts showing that there is
17 a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56©.

18         **2.    Theron Jones**

19 Jones' opposition argues that defendant has not established that his medical certification card
20 was fraudulent when he was terminated. (Doc. #77). However, defendant is not required to prove
21 that the medical certification card was fraudulent to prevail in this motion for summary judgment.
22 Rather, Jones must show that he was qualified for the position (*i.e.*, that he held a valid medical
23 certification card) to establish one element of a prima facie case of racial discrimination. *See*
24 *McDonnell Douglas Corp.*, 411 U.S. at 1220; *Fragante*, 888 F.2d at 595. Jones' opposition is not
25 supported by an affidavit or other admissible evidence to demonstrate that his medical certification
26 card was current and valid at the time of his termination. Thus, Jones has not presented any
27 admissible evidence to demonstrate that there is a genuine issue of material fact for trial. *Celotex*
28

**James C. Mahan**
**U.S. District Judge**

1 *Corp.*, 477 U.S. at 324.

### 3. Gary Gates, Robert Allen, and Reginald Russell

Gary Gates, Robert Allen, and Reginald Russell all attached affidavits to their oppositions, stating that they held valid medical certification cards at the time of their termination. (Docs. #62, #63, and #71). Russell's affidavit and opposition do not state where or from whom he received his allegedly valid medical certification card, and he has not attached a copy of the valid medical certification card to his opposition. (Doc. #63, Attachment 1). Allen's opposition states that he had a valid medical certification card from Concentra Medical Center in Las Vegas, but he did not attach a copy of this document to his opposition and did not include this information in his affidavit. (Doc. #71). Gates' affidavit states that he had a valid medical certification card issued by Dr. Gautam Daulat when he was terminated, and Gates attached a copy of this medical certification card to his opposition. (Doc. #61, Attachment 1, Ex. 1).

These plaintiffs have established a genuine issue of material fact that they were qualified to be commercial truck drivers at the time of their termination. *Celotex Corp.*, 477 U.S. at 324. Accordingly, it is not appropriate to grant summary judgment against Gates, Allen, and Russell on the ground that they were not qualified at the time of their termination.

### B. Other employees with similar qualifications were treated more favorably

Another factor for a prima facie case of race discrimination is whether other individuals with similar qualifications were treated more favorably than the plaintiffs. *McDonnell Douglas Corp.*, 411 U.S. at 1220. Plaintiffs "may show *either* that similarly situated individuals outside [their] protected class were treated differently, *or* 'other circumstances surrounding the adverse employment action give rise to an inference of discrimination.'" *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 744 (9th Cir. 2004) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)) (emphasis in original).

Here, the uncontroverted evidence demonstrates that defendant reviewed every single employee's medical file, investigated every employee who had submitted a medical certification card allegedly signed by Dr. Goldsmith, investigated every employee identified as possessing a potentially

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  fraudulent medical card (even if it was not allegedly issued by Dr. Goldsmith), and terminated
2  everyone found to possess a fraudulent medical certification card. (Doc. #54, Exs. 1 and 3). In
3  addition to the terminated employees, defendant investigated three African Americans and one
4  Caucasian who were originally identified as possessing fraudulent medical certification cards;
5  defendant did not terminate these individuals because the examining doctor verified their medical
6  certification cards. (Doc. #54, Exs. 1 and 6). Finally, Gates, Allen, and Russell do not dispute that
7  they submitted medical certification cards from Dr. Goldsmith at some point during their
8  employment with defendant. (*See* Docs. #62, #63, and #71).

9  Gates, Allen, and Russell have not established a prima facie case of racial discrimination
10 because they have not demonstrated: (1) that they were treated differently from other similarly
11 situated employees or (2) other circumstances giving rise to an inference of discrimination.[2]

12 Plaintiffs object to the content of the affidavits supporting defendant's motion for summary
13 judgment, calling them "false and fabricated" or "a bundle of lies." (Docs. #62, #63, and #71).
14 However, plaintiffs have not contradicted the substance of these affidavits through specific facts or
15 evidence demonstrating a genuine issue of fact about why and how defendant conducted the
16 investigation into the allegedly fraudulent medical certification cards. *See Bodett*, 366 F.3d at 740
17 n.3 (stating that "[a] party cannot create a dispute of fact by simply questioning the credibility of a
18 witness"). Therefore, plaintiffs have not shown that they were treated differently from other
19 similarly situated individuals; the uncontroverted evidence shows that every individual who had
20 submitted a medical certification card allegedly signed by Dr. Goldsmith either resigned or was
21 terminated by defendant.

22 Further, the factual allegations in plaintiffs' affidavits are not sufficient to establish "other
23 circumstances surrounding the adverse employment action [that] give rise to an inference of
24 discrimination." *Bodett*, 366 F.3d at 744. Affidavits "must be made on personal knowledge, set out

---

[2] Similarly, if Glover and Jones' claims had survived summary judgment on the qualification factor, their claims would have failed under this factor. They have not demonstrated that they were treated differently from other similarly situated individuals.

facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4).  Here, plaintiffs' affidavits state conclusory allegations without providing specific supporting facts.  This is insufficient to establish a prima facie case of racial discrimination, even when the requisite showing "is minimal." *See Godwin*, 150 F.3d at 1220.

Thus, Gates, Allen, and Russell have not established a prima facie case of racial discrimination, and granting summary judgment in favor of defendant is proper. *See Leong v. Potter*, 347 F.3d 1117, 11125 (9th Cir. 2003) (holding that granting summary judgment is proper when plaintiff cannot prove a prima facie case of discrimination).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Republic Silver State Disposal, Inc.'s motion for summary judgment (doc. #54) be, and the same hereby is, GRANTED.

DATED February 10, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 8 -